IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:22-cv-00127-MR

| | | |
|---|---|---|
| ANTHONY HARRISON MOORE, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| FNU MURRAY, et al., | ) ) | **ORDER** |
| Defendants. | ) ) | |

**THIS MATTER** is before the Court on initial review of the Plaintiff's pro se Complaint [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 8].

**I.    BACKGROUND**

The pro se Plaintiff, who is incarcerated at the Alexander Correctional Institution, filed this action pursuant to 42 U.S.C. § 1983, complaining about an excessive force incident that allegedly occurred at Alexander CI on August 2, 2021.

The Plaintiff names as Defendants in their individual and official capacities: "Murray FNU," a unit manager; "Daves FNU," an assistant unit manager; "Kale FNU," a correctional officer; and the North Carolina Department of Public Safety (NCDPS). [Doc. 1 at 2-3]. He appears to assert

Eighth Amendment claims for the use of excessive force and failure to intervene.[1]  [See id. at 3].  The Plaintiff alleges that Defendant Daves tazed the Plaintiff while he was handcuffed, lying face-down on the floor, and while Defendants Murray and Kale stood by laughing.  [Id. at 4; Doc. 1-1 at 1-3].  He claims that he sustained "injuries to [his] whole body from being tazed," including the inability to feel his arms and legs, headaches, and the loss of eyesight, and that a nurse said that "nothing could be done" for his injuries.  [Id. at 5].  He seeks a declaratory judgment, injunctive relief, and compensatory damages.  [Id.].

## II.   STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2).  Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails

---

[1] The Plaintiff cites "Fourteenth Amendment and Due Process," which is the excessive force standard applicable to pretrial detainees.  [Doc. 1 at 3]; see Graham v. Connor, 490 U.S. 386, 395 n.10 (1989).  Because the Plaintiff is a convicted and sentenced state prisoner, his excessive force claims arise under the Eighth Amendment.

2

Case 5:22-cv-00127-MR    Document 9    Filed 01/04/23    Page 2 of 7

to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

### A. Parties

The Plaintiff attempts to name NCDPS as a Defendant, and to sue the correctional Defendants in the individual and official capacities. However, "neither a state nor its officials acting in their official capacities are 'persons'

under § 1983." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Therefore, NCDPS is not a "person" under § 1983. See Fox v. Harwood, 2009 WL 1117890, at *1 (W.D.N.C. April 24, 2009). Further, because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, Plaintiff's claims against NCDPS, and against the Defendants for damages in their official capacities, do not survive initial review and will be dismissed.

### B. Excessive Force

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. Amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). The Eighth Amendment therefore protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component—that the harm inflicted was sufficiently serious—and

subjective component—that the prison official acted with a sufficiently culpable state of mind. Williams, 77 F.3d at 761. In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21.

The Fourth Circuit recognizes a cause of action for bystander liability "premised on a law officer's duty to uphold the law and protect the public from illegal acts, regardless of who commits them." Stevenson v. City of Seat Pleasant, Md., 743 F.3d 411, 416-17 (4th Cir. 2014) (quoting Randall v. Prince George's Cnty., 302 F.3d 188, 203 (4th Cir. 2002). A "bystander officer" can be liable for his or her nonfeasance if he or she: "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." Randall, 302 F.3d at 204.

Taking the Plaintiff's allegations as true for the purposes of this initial review and drawing all reasonable inferences in his favor, the Plaintiff's

Eighth Amendment claims based on the use of excessive force and failure to intervene survive initial review as not clearly frivolous.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that the Plaintiff's Eighth Amendment claims have passed initial review against Defendants Kale, Daves, and Murray in their individual capacities. The claims against NCDPS, and the claims against the Defendants in their official capacities are dismissed with prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's Eighth Amendment claims have passed initial review against the Defendants Kale, Daves, and Murray in their individual capacities.

2. The claims against NCDPS and the claims against the Defendants in their official capacities are **DISMISSED WITH PREJUDICE.**

3. **IT IS FURTHER ORDERED** that the Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants Kale, Daves, and Murray, who are alleged to be current or former employees of the North Carolina Department of Public Safety.

The Clerk is respectfully instructed to mail the Plaintiff an Opt-In/Opt-Out form pursuant to Standing Order 3:19-mc-00060-FDW.

**IT IS SO ORDERED**.

Signed: January 3, 2023

Martin Reidinger
Chief United States District Judge

7

Case 5:22-cv-00127-MR   Document 9   Filed 01/04/23   Page 7 of 7